UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION
File No. 4:16-CR-17

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>OMER GUR,<br>    Defendant. | **MOTION AND INCORPORATED MEMORANDUM FOR IMMEDIATE RELEASE FROM DETENTION** |

Defendant, Omer Gur, by and through undersigned counsel, respectfully requests that he be immediately released from custody on the conditions previously set forth by the Honorable James E. Gates on March 4, 2016. There was no statutory authority to arrest and detain Mr. Gur on March 9th, and his continued detention is in violation of the Bail Reform Act, 18 U.S.C. § 3141 et seq.

**Background**

1. On March 1, 2016, Mr. Gur was arrested in the Eastern District of North Carolina. *See* EDNC DE-1. The Government made a motion for detention and a detention hearing was scheduled for March 4, 2016. As set forth in 18 U.S.C. § 3142(f), Mr. Gur was detained between the date of his initial appearance and the detention hearing.

2. On March 4, 2016, a lengthy detention hearing was held before the Honorable James E. Gates, Magistrate Judge for the Eastern District of North Carolina. At that hearing, the court was presented with evidence of Mr. Gur's strong ties to his local community and to his immediate and extended family in the United States, his strong moral character outside of this offense, his limited financial means, and other reasonable assurances that he is not a risk of flight.

1

3. At the close of the hearing, Mr. Gur was ordered to be released with conditions, including house arrest with electronic monitoring, third-party custody, and an unsecured bond of $500,000. *See* EDNC DE-16.

4. The Government did not make a motion in open court requesting that the order granting conditions of release be stayed. The Government did not make any motion to stay Mr. Gur's release prior to his being released.

5. On March 4, 2016, pursuant to the Order entered by Judge Gates, Mr. Gur was released into the third-party custody of his wife, Sivanne Fishel, and placed on electronic monitoring.

6. After being released on March 4, 2016 and before Mr. Gur was re-arrested on March 8, 2016, Mr. Gur remained in his home with his wife and two children. He did not attempt to flee or exhibit any behaviors consistent with an attempt to flee. Rather, he spent that time consulting with his lawyers, comforting his family, and remaining in compliance with all conditions of release. There is no allegation that he violated any conditions of his release.

7. <u>After</u> Mr. Gur's release, the Government filed a Motion for Revocation of Release Order and Motion to Stay Order of Release[1]. *See* DE-25 & 26. The Government's motions, neither of which exceeded four paragraphs, failed to include any new arguments not considered by Judge Gates.

8. On March 8, 2016, the Government filed a Motion for Temporary Revocation of Release Order and Issuance of Arrest Warrant. *See* DE-33.

9. Later that day, at approximately 2:54pm, Mr. Gur's Counsel learned of this Motion and immediately informed Mr. Gur that he was likely going to be re-arrested. Despite

---

[1] The Government's Motion to Stay Order of Release was moot as Mr. Gur was immediately released under the order entered by Judge Gates. Tr. 3/9/16 at 5:18-20.

having the opportunity to flee, Mr. Gur was re-arrested without incident at his home (where he was ordered to remain) at approximately 4:30 p.m.

10. On March 9, 2016, Mr. Gur was brought into court for the judge to explain the circumstances of his re-arrest. At that time, the court noted that "the usual procedure is, if the Government disagrees with the entry of a release order to the point that they want to seek review of it, what typically will happen is that the Assistant Unites States Attorney at that time will, at least for cases that arise out of our district, request a stay of release in open court." Tr. 3/6/9 at 4:24-5:20. The court also noted that, in this case, the "issue of a stay was in the sense moot because [Mr. Gur] already – the horse was out of the barn…" *Id.* Undersigned counsel also noted "on the record that… the Government missed its boat to get that stay and missed its boat to get that temporary detention when they didn't request the stay in open court." Tr. 3/9/16 at 7:8-14. Judge Gates agreed that "it deviates from the… procedure that was routinely followed." Tr. 3/9/16 at 7:15-17.

11. To date, Mr. Gur has spent 13 days in prison without any basis for detention (March 1 – March 4 and March 8 – March 16).

**Argument**

Under the Bail Reform Act of 1984 ["BRA"] and the Constitution, an accused individual has a right to be released pending trial absent extraordinary circumstances. *See e.g., United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). The BRA establishes the procedure that this Court must follow to determine the defendant's pretrial release or detention status. *See* Fed.R.Crim.P. 46(a) ("The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release.").

In this case, Mr. Gur's current detention violates the provisions of the BRA. On March 4th, after a properly convened detention hearing, Mr. Gur was released from custody. He was placed on conditions of release with which he complied. There is absolutely no authority in the BRA to re-arrest and detain an individual after he has been placed on pretrial release and has abided by the conditions of release without first providing him with a meaningful hearing where he can present evidence and argument supporting his continued release.

Both Judge Gates and the Government confirmed that the basis for the re-arrest and detention of Mr. Gur is the Government's filing of a motion for revocation of the release order under § 3145. Tr. 3/9/16 at 11:15-19 (Judge Gates); Tr. 3/9/16 at 10:9-11 (Government). Indeed, the procedure for review of a release order is set forth in 18 U.S.C. § 3145. Under § 3145(a), the Government may file a motion for revocation of the order or amendment of the conditions which should "be determined promptly," but there is absolutely no authority for the individual to be detained pending a resolution of that motion. The only authority for detention at this stage of the process would be if the defendant allegedly violated his conditions of release, 18 U.S.C. § 3148(b), or if he were arrested on new charges (which of course would also be a violation of his conditions of release).

There are ample reasons why the release order should not be revoked and why Magistrate Judge Gates's ruling should be affirmed, but those issues will be aired at a hearing before this Court. But, prior to that hearing, Mr. Gur must be released with his original conditions of release reinstated.

Respectfully submitted this the 15th day of March, 2016.

**ZOBY, BROCCOLETTI & NORMILE, PC    NEXSEN PRUET, PLLC**

/s James. O Broccoletti
James O. Broccoletti (Va. Bar. No. _____)
6663 Stoney Point South
Norfolk, Virginia 23502
Telephone:   757.466.0750
Facsimile:   757.466-5026
james@zobybroccoletti.com
*Local Counsel for Defendant Omer Gur*

/s R. Daniel Boyce
R. Daniel Boyce (N.C. Bar No. 12329)
dboyce@nexsenpruet.com
Alex R. Williams (N.C. Bar No. 41679)
awilliams@nexsenpruet.com
4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone:   919.755.1800
Facsimile:   919.833.7536
*Attorneys for Defendant Omer Gur*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the clerk of court for the Eastern District of Virginia using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

>Brian J. Samuels
>Assistant U.S. Attorney
>Fountain Plaza Three, Suite 300
>721 Lakefront Commons
>Newport News, Virginia 23606

This the 15th day of March, 2016.

>**ZOBY, BROCCOLETTI & NORMILE, PC**
>
>/s James. O Broccoletti
>James O. Broccoletti (Va. Bar. No. \_\_\_\_)
>6663 Stoney Point South
>Norfolk, Virginia 23502
>Telephone:     757.466.0750
>Facsimile:     757.466-5026
>james@zobybroccoletti.com
>*Local Counsel for Defendant Omer Gur*